## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUNARO CRUZ,<br>　　　　*Plaintiff*,<br><br>　　　　v.<br><br>MHSW BILL, et al.<br>　　　　*Defendants*. | No. 3:18-CV-01544 (VAB) |

### INITIAL REVIEW ORDER

Junaro Cruz ("Plaintiff"), currently resides in Bridgeport, Connecticut. Mr. Cruz has filed a civil rights Complaint *pro se* under 42 U.S.C. § 1983 against Mental Health Social Worker ("MHSW") Bill and Dr. Sunta Sarah (collectively, "Defendants"). *See* Compl., ECF No. 1, at 1-3 (Sept. 12, 2018). He alleges deliberate indifference to his mental health needs while incarcerated at Northern Correctional Institution ("Northern") in July and August 2018.

For the reasons set forth below, the Complaint will be **DISMISSED**.

## I. BACKGROUND

Mr. Cruz allegedly suffers from bipolar disorder and a mood disorder. *Id.* at 4 ¶ 3. Upon his arrival at Northern on July 2, 2018, Mr. Cruz allegedly learned that MHSW Bill would be his therapist and that therapy sessions would occur once a week. *Id.* at 8. Mr. Cruz allegedly participated in therapy sessions with MHSW Bill on July 10, 2018 and on July 22, 2018. *Id.* During one of the sessions, MHSW Bill allegedly informed Mr. Cruz that he could arrange for Mr. Cruz's transfer to Garner Correctional Institution ("Garner"), if Mr. Cruz did not incur any disciplinary charges for two months. *Id.* Subsequently, MHSW Bill allegedly informed Mr. Cruz that he could not guarantee Mr. Cruz's transfer to Garner, but that he would speak to other individuals who might be able to make the arrangements. *Id.* In addition to therapy, a mental

health provider allegedly prescribed medication to treat Mr. Cruz's mental health conditions. *Id.* at 4 ¶ 2.

On August 16, 2018, Mr. Cruz allegedly filed a request for a Health Services Review because MHSW Bill had not conducted any therapy sessions for three weeks. *Id.* at 7-8. On August 21, 2018, a supervising psychologist allegedly responded to Mr. Cruz's request and explained that a transfer to Garner was not an option, and recommended that Mr. Cruz continue to work with MHSW Bill on mental health issues that he felt were important. *Id.* at 8. The psychologist allegedly indicated that he or she would speak to MHSW Bill about Mr. Cruz's interest in meeting once a week. *Id.*

At the time of his confinement at Northern, Mr. Cruz allegedly had been convicted of non-violent misdemeanors. *Id.* at 4 ¶ 4. Because other inmates had threatened to harm him due to his decision to pursue criminal charges against a certain inmate, Mr. Cruz alleges that confinement at Connecticut Valley Hospital or in a protective custody unit would have been more appropriate than confinement at Northern in the administrative segregation program. *Id.* ¶¶ 6-8.

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory);

2

*Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage nonetheless is distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and

3

interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

## III.  DISCUSSION

Mr. Cruz alleges that MHSW Bill "refused to do his job" and that Dr. Sunta Sarah failed to ensure that mental health providers were made available during each shift. Compl. at 4 ¶¶ 1, 9-10. For relief, Mr. Cruz seeks $500,000.00. *Id.* at 5.

### A.     All Defendants – Official Capacities

Mr. Cruz does not indicate the capacity in which he sues Defendants.

To the extent that he seeks monetary relief from Defendants in their official capacities, the request is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 160 (1985) (finding the Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).

Accordingly, any request seeking money damages for any alleged violations of Mr. Cruz's federal constitutional rights by the defendants in their official capacities will be dismissed under 28 U.S.C. § 1915A(b)(2).

### B.     Dr. John Doe – Individual Capacity

Doctor/Psychiatrist John Doe is listed as a defendant in the description of parties, but is not included as a defendant in the caption on the first page of the Complaint. *See* Compl. at 2.

Rule 10(a) of the Federal Civil Procedures, however, requires that "[e]very pleading must

have a caption" and that the "title of the complaint must name all parties." The Second Circuit, however, "excuse[s] technical pleading irregularities as long as they neither undermine the purpose of notice pleading nor prejudice the adverse party." *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005). Even if Mr. Cruz intended to name Doctor/Psychiatrist John Doe as a defendant, he has included no allegations in the body of the Complaint as to his alleged conduct. Absent any allegations asserted against Doctor/Psychiatrist John Doe, Mr. Cruz has failed to state a plausible claim that this Defendant violated his federally or constitutionally protected rights.

Accordingly, to the extent that Mr. Cruz intended to name Doctor/Psychiatrist John Doe as a defendant, the claim against him will be dismissed. *See* 28 U.S.C. § 1915A(b)(1).

### C. Mental Health Social Worker Bill and Dr. Sunta Sarah

The Court liberally construes Mr. Cruz's allegations as a claim that MHSW Bill and Dr. Sunta Sarah were deliberately indifferent to his mental health needs.

The Eighth Amendment prohibits "deliberate indifference" by medical providers to an inmate's "serious medical needs" as well as an inmate's "needs for mental health care." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Langley v. Coughlin*, 888 F.2d 252, 254 (2d Cir. 1989)). To state a claim for deliberate indifference to a serious medical or mental health care need, two requirements must be met. Under the objective prong, the inmate's medical or mental health care need or condition must be "a serious one." *Brock v. Wright,* 315 F.3d 158, 162 (2d Cir. 2003). In determining whether a condition is serious, there is consideration as to whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition

5

"significantly affects an individual's daily activities," and whether it causes "chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citations omitted). If a prisoner alleges "a temporary delay or interruption in the provision of otherwise adequate medical treatment," rather than a denial of any treatment for his or her condition, "it is appropriate to focus on the challenged *delay* or *interruption* in treatment rather than the prisoner's *underlying medical condition* alone in analyzing whether the alleged deprivation is, in 'objective terms, sufficiently serious,' to support an Eighth Amendment claim." *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003) (emphasis in original) (quoting *Chance*, 143 F.3d at 702).

The second prong is subjective. Under this prong, a prison official must have been actually aware that his or her actions or inactions would cause a substantial risk of serious harm to the inmate. *See Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006) ("Mere negligent conduct does not constitute deliberate indifference."); *see also id.* at 280 (reckless indifference "entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent."); *Hernandez v. Keane,* 341 F.3d 137, 144 (2d Cir. 2003) (medical malpractice alone does not amount to deliberate indifference).

Mr. Cruz alleges that, at the time of his transfer to Northern in early July 2018, he suffered from a mood disorder and bipolar disorder and that both conditions required therapy and medication. *See* Compl. at 8. Mr. Cruz alleges that MHSW Bill provided him with therapy during two sessions in July 2018 and indicated that he would attempt to arrange for his transfer to Garner. *Id.*  In the request for a Health Services Review filed by Mr. Cruz in mid-August 2018, he claimed that MHSW Bill had failed to provide him with any individual therapy sessions

for three weeks. *Id.* Thus, Mr. Cruz's claim against Bill is one of a delay or interruption in treatment.

Mr. Cruz, however, does not allege that the delay or interruption in treatment or that MHSW Bill's unsuccessful attempts to arrange for his transfer to Garner exacerbated his alleged mental health conditions. Neither the facts alleged in the Complaint, nor the allegations included in the Health Services Review request demonstrate that Mr. Cruz suffered an objectively serious deprivation of mental health treatment.

In response to Mr. Cruz's August 16, 2018 request for a health services review, a supervising psychologist allegedly said a transfer to Garner was not an option, but would relay to MHSW Bill that Mr. Cruz had requested to be seen every week for therapy. *Id.* Mr. Cruz signed the Complaint, the day after receiving the response from the psychologist.

As alleged, Mr. Cruz has not stated a plausible claim of delineate indifference against that MHSW Bill. At most, MHSW Bill failed to engage Mr. Cruz in therapy sessions during the last week of July and first two weeks in August 2018 – perhaps an act of negligence – but not a serious disregard of the risk of harm to Mr. Cruz's mental health, at least as stated in these allegations. *See Lombardo v. Graham*, 807 F. App'x 120, 123 (2d Cir. 2020) ("In cases where a prisoner alleges a delay in medical treatment, courts examine both the seriousness of the prisoner's medical conditions and the harm caused by any unreasonable delay."); *see also id.* at 123 ("[W]hile mere medical malpractice is not tantamount to deliberate indifference, certain instances of medical malpractice may rise to the level of deliberate indifference; namely, when the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces a conscious disregard of a substantial risk of serious harm" (internal quotation marks

7

ommitted)); *cf. Green v. Haimes*, No. 918-CV-703 (BKS/ATB), 2020 WL 6275225, at *4 (N.D.N.Y. Aug. 31, 2020), *report and recommendation adopted*, No. 918-CV-0703 (BKS/ATB), 2020 WL 6270752 (N.D.N.Y. Oct. 26, 2020) ("Even if [a prison official's] medical judgments amount to negligence or malpractice, malpractice does not become a constitutional violation simply because the plaintiff is an inmate.").

Accordingly, the deliberate indifference claim against MHSW Bill will be dismissed without prejudice. *See* 28 U.S.C. § 1915A(b)(1).

As to Dr. Sunta Sarah, Mr. Cruz only alleges a failure to ensure that mental health providers toured Mr. Cruz's housing unit at Northern during each shift. But Mr. Cruz does not allege that Dr. Sunta Sarah knew of this failure and even if she did, that this act alone constituted a serious disregard of his mental health. Indeed, the request for a Health Services Review submitted by Mr. Cruz on August 16, 2018 does not include an allegation regarding a lack of unit tours by mental health staff members.

Nor does Mr. Cruz allege that he could not submit written requests seeking mental health treatment, if he could not seen by a mental health provider in person during every tour of his unit. Without these allegations, and much more, Mr. Cruz's deliberate indifference claim against this medical professional cannot be sustained. *See Lombardo*, 807 F. App'x at 122 ("To satisfy the subjective component, a plaintiff must establish that the charged official acted or failed to act while actually aware of a substantial risk that serious inmate harm will result." (quoting *Salahuddin*, 467 F.3d at 280) (internal quotation marks and alterations omitted)).

Accordingly, Mr. Cruz's claim against Dr. Sunta Sarah for deliberate indifference to his mental health needs is dismissed without prejudice. *See* 28 U.S.C. § 1915A(b)(1).

**ORDERS**

The Court enters the following orders:

**(1)** The Clerk is directed to add Doctor/Psychiatrist John Doe to the docket as a defendant.

**(2)** The claim seeking monetary damages from all Defendants in their official capacities for violations of Mr. Cruz's Eighth Amendment right to be free from deliberate indifference to mental health needs is **DISMISSED,** and the claims seeking monetary damages from Defendants in their individual capacities for violations of Mr. Cruz's Eighth Amendment right to be free from deliberate indifference to mental health needs are **DISMISSED** without prejudice.

**(3)** Mr. Cruz may file an Amended Complaint by **May 28, 2021**, if he can allege facts to state a plausible claim of deliberate indifference to his mental health needs by one or more of the defendants during his confinement at Northern in July and August 2018.

The Amended Complaint must: include factual allegations clearly describing the actions of each defendant in response to any verbal or written requests for mental health treatment that Mr. Cruz might have made or submitted; identify the date or dates on which each defendant acted or failed to act in response to Mr. Cruz's requests, and indicate how any such act or failure by each defendant affected his necessary mental health treatment, and therefore allegedly violated his constitutional rights.

**(4)** If no Amended Complaint is filed by **May 28, 2021**, the Clerk of Court is directed to enter judgment for Defendants with prejudice and to close this case.

**SO ORDERED** at Bridgeport, Connecticut this 16th day of April, 2021.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE